UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST, <br><br> Plaintiff, <br><br> v. <br><br> DAVID GRIMALDI, SUSAN GRIMALDI, and BANK OF AMERICA, N.A., <br><br> Defendants, <br><br> DAVID BRANDT and NORWAY SAVINGS BANK, <br><br> Parties-In-Interest. | 2:19-cv-00152-JAW |

**ORDER ON MOTION TO CONTINUE
AND ORDER TO SHOW CAUSE**

On April 11, 2019, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust (Wilmington), filed a foreclosure complaint against David Grimaldi, Susan Grimaldi, and Bank of America, N.A., and named David Brandt as a party-in-interest. *Compl.* (ECF No. 1). Wilmington served David Brandt on April 22, 2019, and filed proof of service on May 17, 2019. *Proof of Service as to David Brandt* at 2 (ECF No. 10). Wilmington served Bank of America, N.A. on April 23, 2019, and filed proof of service on May 17, 2019. *Proof of Service as to Bank of America, N.A.* at 2 (ECF No. 9). Wilmington served Mr. and Ms. Grimaldi on May 13, 2019, and filed proof of service

as to both on May 17, 2019. *Proof of Service as to David Grimaldi* at 2 (ECF No. 11); *Proof of Service as to Susan Grimaldi* at 2 (ECF No. 12).

On June 11, 2019, Wilmington filed a motion for entry of default as to Mr. Grimaldi, Ms. Grimaldi, Bank of America, N.A., and David Brandt. *Pl.'s Mot. for Entry of Default as to David Grimaldi, Susan Grimaldi, David Brandt and Bank of America, N.A.* (ECF No. 14). The Deputy Clerk of Court granted Wilmington's motion for entry of default on June 12, 2019. *Order Granting Mot. for Entry of Default* (ECF No. 15). On June 19, 2019, Wilmington filed an amended complaint adding Norway Savings Bank as a party-in-interest. *First Am. Compl.* (ECF No. 16). Wilmington served Norway Savings Bank on June 20, 2019, and filed proof of service on June 28, 2019. *Proof of Service as to Norway Savings Bank* at 2 (ECF No. 18). On July 8, 2019, Norway Savings Bank answered the amended complaint. *Party-In-Interest Norway Savings Bank's Answer to Pl.'s Am. Compl.* (ECF No. 19).

On July 12, 2019, Wilmington filed a motion to continue the deadline to file a motion for default judgment against the defaulted parties. *Mot. to Continue* (ECF No. 20). Magistrate Judge John Nivison granted the motion to continue that same day. *Order* (ECF No. 21). On July 22, 2019, Wilmington filed a motion to amend the amended complaint to add the Internal Revenue Service (IRS) as a party-in-interest and remove Bank of America, N.A. as a defendant. *Mot. to Amend Compl.* (ECF No. 22). The Magistrate Judge granted the motion to amend on August 13, 2019. *Order* (ECF No. 25). Wilmington filed a second amended complaint (SAC) on August 14, 2019, adding the Internal Revenue Service as a party-in-interest and removing Bank

of America, N.A. as a defendant. *Second Am. Compl.* (ECF No. 26) (*SAC*). Wilmington served the IRS on August 16, 2019, and filed proof of service on August 22, 2019.[1] *Proof of Service as to Internal Revenue Service* at 2 (ECF No. 30). Norway Savings Bank answered the SAC on August 16, 2019, *Party-In-Interest Norway Savings Bank's Answer to Pl.'s Am. Compl.* (ECF No. 28), and the IRS answered on August 22, 2019. *Answer of the United States of America* (ECF No. 29). On September 10, 2019, Wilmington filed a motion for default judgment as to Mr. Grimaldi, Ms. Grimaldi, and David Brandt. *Pl.'s Mot. for Default J. as to David Grimaldi, Susan Grimaldi, and David Brandt* (ECF No. 32).

On February 24, 2020, the Court issued an order on Wilmington's motion for default judgment, reserving ruling on the motion but scheduling a damages hearing. *Order on Pl.'s Mot. for Default J.* (ECF No. 35). On March 10, 2020, Wilmington filed a motion to continue the damages hearing due to the COVID-19 pandemic. *Mot. to Continue* (ECF No. 38). The Court granted the motion to continue on March 16, 2020. *Order Granting Mot. to Continue Damages Hr'g* (ECF No. 39).

On April 13, 2020, in light of the COVID-19 pandemic, the Court issued a procedural order, allowing Wilmington to proceed to default judgment by submitting documentary evidence that would demonstrate it was entitled to foreclosure rather than requiring a formal default hearing. *Foreclosure Procedural Order Authorizing Pl. to Seek Default J. on Documentary Evid.* (ECF No. 40). The procedural order set deadlines for Wilmington to proceed with the pending motion for default judgment.

---

[1]   Wilmington also filed an affidavit of service as to the IRS on September 11, 2019, affirming that service was effected on August 26, 2019. *Aff. of Service* (ECF No. 33).

3

*Id.* Now before the Court is Wilmington's partially-consented-to first motion to continue by sixty days the deadline to proceed with default judgment set by the procedural order. *Consented Mot. to Continue Procedural Order Deadline by Sixty (60) Days* (ECF No. 41) (*Pl.'s Mot.*). The Court GRANTS Wilmington's motion to continue.

Despite granting the motion to continue, the Court issues this Order to Show Cause why the motion for default judgment should not be dismissed without prejudice. The motion for default judgment has now been pending for nearly ten months and the Court does not encourage stale motions to linger on the docket. If Wilmington takes the full sixty days of continuance, the motion will have been pending for a full year. The presence of an unacted upon motion on the court docket invites mistake and absorbs clerical and judicial time to keep track of its presence. There may be a special reason in this case that the Court should not dismiss the motion for entry of default judgment without prejudice and if there is, the Court invites Wilmington to say so. If the Court dismisses the pending motion for default judgment, it will be without prejudice, so that Wilmington will be free to refile its motion for default judgment on, or after, September 11, 2020.[2] Wilmington shall respond to this Order to Show Cause within twenty-one days of the date of this Order.

To avoid a potential complication that is apparent on the face of the Complaint, the Court also notes that Wilmington does not demand a sale in the amended

---

[2] In Wilmington's motion, it asks for an extension of sixty days from July 13, 2020, to September 13, 2020. *Pl.'s Mot.* at 1. The Court sees two problems with this: first, an extension until September 13 would be sixty-two days, rather than sixty; second, September 13 is a Sunday. The Court presumes

complaint. *See* 14 M.R.S.A. § 6321 (stating that a foreclosure complaint must "demand a foreclosure and sale"). At present, Wilmington's amended complaint only demands a foreclosure. *See Am. Compl.* ¶ 34 ("By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure on said real estate"). Notwithstanding the sixty-day period of continuance, the Court ORDERS Wilmington within twenty-one days of the date of this Order to file a response with the Court explaining why this error does not require amendment or how it intends to cure this apparent defect.

If Wilmington elects to amend its complaint, the Court directs its attention to *TD Banknorth, N.A. v. Hawkins*, 2010 ME 104, ¶22, 5 A.3d 1042, in which the Maine Supreme Judicial Court held that "when a complaint is amended, any default on the initial complaint, even as to claims unaltered by the amendment, must be set aside and the defendant be given an opportunity to respond to the amended complaint . . . ." Additionally, the Law Court stated in dicta that several of the United States District Court opinions on which it relied "support the proposition that an amended complaint replaces the initial complaint, and therefore voids any default entered on the initial complaint, without regard to the nature or extent of the amendments." *Id.* ¶ 21.

As it is on a procedural issue, the *TD Banknorth* ruling is not binding on this Court. *See In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 235 F.R.D. 127, 133 n.13 (D. Me. 2006) (stating that "[i]t is now clearly established that the Federal

---

that Wilmington made a simple arithmetic error and meant to request an extension until September 11, 2020.

Rules of Civil Procedure . . . are to be applied by the federal court [in diversity cases], even if there is a conflicting state requirement and even if the application of the federal Rule might determine the outcome of the case" (some alterations in original) (quoting ERWIN CHEMERINSKY, FEDERAL JURISDICTION § 5.3, at 317–18 (4th ed. 2003))). The Court has not found a First Circuit ruling on this issue; however, the Law Court in *TD Banknorth* cites a collection of federal district court cases in support of its holding, 2010 ME 104, ¶ 19-21, and the *TD Banknorth* decision has been cited favorably in the Districts of Maine, see *Arayos LLC v. Sydkal Inc.*, 1:14-CV-00060-NT, 2014 WL 12772198, at *1 (D. Me. Aug. 11, 2014), and New Hampshire. See *S.E.C. v. Boey*, No. 1:07-CV-00039-SM, 2013 WL 1775444, at *1 (D.N.H. Apr. 25, 2013).

One possible impact of *TD Banknorth* is that the Court should dismiss Wilmington's motion for default judgment and Wilmington should serve its amended complaint, let the time for answering the amended complaint fully run, and, if the defendants do not respond, file a new entry of default and motion for default judgment once the currently defaulted parties have defaulted anew. Another possible interpretation is that technical alterations of a complaint which make no substantive changes, such as the alterations at issue here, do not invalidate a previously-entered default. Absent objection, the Court will follow the first interpretation.[3] To the

---

[3]   The Court also notes that, under this interpretation, Mr. and Ms. Grimaldi have not yet been defaulted as to the second amended complaint, which included a new party-in-interest and therefore arguably had a substantive effect on the claim against them. If this is the case, then Mr. and Ms. Grimaldi are not properly defaulted parties and a motion for default judgment against them is improper. If Wilmington decides not to amend its complaint, it should include in its response to the Court's order to show cause an explanation for why the defaults against Mr. and Ms. Grimaldi stand as against the second amended complaint.

extent Wilmington objects, the Court ORDERS Wilmington to file a motion explaining why the latter interpretation applies to this case within twenty-one days of this Order.  Finally, the Court also ORDERS Wilmington to state its position about whether it can take any action on the apparent flaw in the Complaint during the next sixty days, given the continuance and its stated bases for the sixty-day continuance, and, if Wilmington takes the position that it can do nothing about the potential flaw in the Complaint, how it intends to proceed in light of the apparent flaw.

    SO ORDERED.

                                              /s/ John A. Woodcock, Jr.
                                              JOHN A. WOODCOCK, JR.
                                              UNITED STATES DISTRICT JUDGE

Dated this 9th day of July, 2020